CAUSE NO. CV-2025-01865

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, A/S/O ERIK PARK, § § § | | COUNTY COURT AT LAW |
| Plaintiff, § § | | |
| vs. § § | | NO. 2 |
| SAMSUNG ELECTRONICS AMERICA, INC., § SAMSUNG ELECTRONICS CO., LTD., § § | | |
| Defendants. § | | DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, ALLSTATE INDEMNITY COMPANY, A/S/O ERIK PARK (hereafter, "Allstate" or "Plaintiff"), Plaintiff in the above matter, complaining of Defendants, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG ELECTRONICS CO., LTD., (collectively referred to as the "DEFENDANTS"), and for its causes of action would respectfully show the Court as follows:

### EXPEDITED ACTION

I.

In accordance with TEX. R. CIV. P. 47(c)(1), Plaintiff notes that this case is governed by the expedited action process set out in TEX. R. CIV. P. 169 and states that it is seeking only monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Plaintiff seeks minimum damages of at least $75,000 and maximum damages not to exceed $100,000.

### THE PARTIES

II.

Allstate is an insurance company licensed to do business in the State of Texas. It insured a rental home belonging to Erik Park, which is located at 432 Wiltshire Blvd., The Colony, TX 75056 (the "Residence").

Defendant, Samsung Electronics America, Inc., is a corporation that conducts business in the State of Texas. It may be served with process through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201. Please issue a citation for service on the Defendant.

Defendant, Samsung Electronics Co., Ltd., is a corporation based in South Korea. It does business in the State of Texas but does not maintain a registered agent for service of process in this State. Therefore, Samsung Electronics Co., Ltd., may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

Office of the Secretary of State
Statutory Documents Section - Citations Unit
1019 Brazos St.
Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and citation to Samsung Electronics Co., Ltd., at its home office address, which is its principal place of business:

Samsung Electronics Co., Ltd.
129, Samsung-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do, 16677
Republic of Korea

Alternatively, Samsung Electronics Co., Ltd., may be served with process through South Korea's designated Central Authority under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the "Hague Convention"). South Korea's Central Authority may serve process on Samsung Electronics Co., Ltd.,

at:

    Samsung Electronics Co., Ltd.
    129, Samsung-ro, Yeongtong-gu
    Suwon-si, Gyeonggi-do, 16677
    Republic of Korea

### III.

Venue is proper in Denton County, Texas, where the loss in question occurred. The Court has jurisdiction over both the parties and the subject matter of this lawsuit. As a proximate result of the flood, Plaintiff incurred damages far in excess of the minimum jurisdictional limits of this Court. The damages suffered include, but are not limited to, damage to Plaintiff's insured's real and personal property and additional living expenses. Plaintiff seeks to recover maximum damages of $100,000, inclusive of pre-judgment interest, post-judgment interest and court costs.

### FACTS

### IV.

At all times relevant herein, Defendants were engaged in the business of, inter alia, designing, manufacturing, marketing, selling and/or distributing Samsung brand refrigerators. The particular refrigerator which failed and leaked at the Residence had the following characteristics: Samsung brand French Door Refrigerator with FlexZone™, Model No. RF23M8090SG, Serial No. 093N43BJ500417H. Based on information and belief, the refrigerator was manufactured in or about May 2017. Inside of this refrigerator was a Waterdrop brand water filter cartridge, Model No. WD-DA97-17376B, which is believed to have been manufactured in March 2020.

### V.

On June 4, 2024, Plaintiff's insured's rental home suffered extensive water damage when the water filter installed inside of the refrigerator cracked/broke and leaked. Based on information and belief, the temperature inside of the refrigerator dropped below freezing, freezing the water inside of

the filter, which caused the filter to crack. When the ice inside of the now cracked filter thawed, water began flowing out of the filter, out of the refrigerator, and onto the floor of Plaintiff's insured's rental home, causing extensive damage to the home. Following the flood, Plaintiff's insured filed a claim under his homeowner's policy with Plaintiff. Plaintiff adjusted and paid the claim and now brings this suit, as subrogee of its insured, to recover what it paid for damage caused by Defendants' defective product.

## CAUSES OF ACTION

## STRICT LIABILITY

### VI.

Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

The refrigerator failed as a result of manufacturing and/or design defect. Based on information and belief, that defect was present when the refrigerator left Defendants' possession and/or control and was installed in Plaintiff's insured's residence.

Prior to the date of the incident that is the basis of this suit, Defendants manufactured, designed and/or distributed the refrigerator so as to render it defective, unsafe and/or unreasonably dangerous. Defendants manufactured, designed and/or distributed a product that was unreasonably dangerous for its reasonably foreseeable uses. Defendants breached their duties to manufacture and/or distribute a safe product to Plaintiff's insured.

### VII.

Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of Defendants' duties to manufacture and/or distribute a product that is reasonably safe for its intended uses and proximately caused the damages suffered by Plaintiff's

insured, which are in excess of the minimum jurisdictional limits of this Court.

## NEGLIGENCE

### VIII.

Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

At the time of the incident, Defendants owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in the design, manufacture and/or distribution of the refrigerator installed in Plaintiff's insured residence. The Defendants violated this duty by negligently designing, manufacturing and/or distributing the refrigerator installed in Plaintiff's insured's and by failing to act as a reasonably prudent person would have under the same or similar circumstances. Defendants' negligent acts or omissions include, but are not limited to:

1. Failing to manufacture and/or design the refrigerator in a safe manner;

2. Failing to ensure that the refrigerator installed in Plaintiff's insured's residence was manufactured and/or designed in a safe manner;

3. Failing to properly and adequately manufacture and/or design the refrigerator installed in Plaintiff's insured's residence;

4. Selling and/or distributing a defective refrigerator installed in Plaintiff's insured's residence that subjected Plaintiff's insured and his property to an unreasonable risk of harm;

5. Failing to test the refrigerator installed in Plaintiff's insured's residence to ensure it was safe for its intended use;

6. Failing to act as a reasonably prudent person would have under the same or similar circumstances; and

7. Otherwise failing to use due care under the circumstances.

### IX.

Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the damages suffered by Plaintiff, which are far in

excess of the minimum jurisdictional limits of this Court.

## BREACH OF EXPRESS AND IMPLIED WARRANTY

### X.

Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

At all times material herein, Defendants expressly and/or impliedly warranted that the refrigerator installed in Plaintiff's insured's residence was merchantable and fit for ordinary use. Defendants breached these express and/or implied warranties in one or more of the following respects:

1. Failing to manufacture and/or design the refrigerator in a safe manner;

2. Failing to ensure that the refrigerator installed in Plaintiff's insured's residence was manufactured and/or designed in a safe manner;

3. Failing to properly and adequately manufacture and/or design the refrigerator installed in Plaintiff's insured's residence;

4. Selling and/or distributing a defective refrigerator installed in Plaintiff's insured's residence that subjected Plaintiff's insured and his property to an unreasonable risk of harm;

5. Failing to test the refrigerator installed in Plaintiff's insured's residence to ensure it was safe for its intended use;

6. Failing to act as a reasonably prudent person would have under the same or similar circumstances; and

7. Otherwise failing to use due care under the circumstances.

### XI.

Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the above express and/or implied warranties. As a direct and proximate result, Plaintiff suffered damages, which are far in excess of the minimum jurisdictional limits of this Court.

### XII.

### MALFUNCTION THEORY/RES-IPSA LOQUITUR

Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

Plaintiff's insured did nothing to cause the malfunction of the refrigerator installed in her residence. The refrigerator would not have malfunctioned but for Defendants' negligence in designing and/or manufacturing the unit. Plaintiff pleads for recovery under both malfunction theory and *res ipsa loquitur*.

## PRAYER

## XIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendants, which is far in excess of the minimum jurisdictional limits of this Court, for compensatory and/or economic damages, including, but not limited to, damages for real and personal property and additional living expenses, cost of repair, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

/s/ Paul Vigushin
_____
PAUL VIGUSHIN
State Bar No. 00797600
**LAW OFFICES OF PAUL VIGUSHIN, P.C.**
2201 N. Central Expy., Ste. 115
Richardson, TX 75080
(972) 705-9911 (tel.)
paul@pv-law.com
**ATTORNEY FOR PLAINTIFF**